765 F.2d 147
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
ONE HUNDRED THIRTY-SEVEN (137) DRAW POKER-TYPE MACHINES AND
SIX (6) SLOT MACHINES, DEFENDANT-APPELLANT,
WALTER LAZUKA; WALTER MUSIC AND VENDING CO., INC.; CITY OF
MENTOR, PARTY-IN-INTEREST-DEFENDANTS-APPELLANTS.
 NO. 84-3241
 United States Court of Appeals, Sixth Circuit.
 5/7/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: MERRITT and WELLFORD, Circuit Judges; and, EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Intervenor-claimants Walter Lazuka and Walter Music and Vending Co., Inc., appeal from a grant of summary judgment issued by District Judge John M. Manos in a federal forfeiture action involving one hundred thirty-seven (137) draw poker-type machines and six (6) slot machines.
 
 
 2
 On or about July 14, 1982, the City of Mentor, Ohio, Police Department seized the above-mentioned machines from theintervenor-claimants (hereinafter 'Lazuka'). The state officials charged that the status of these machines violated Ohio Rev. Code Ann. Sec. 2915.02, which makes illegal the possession of a gambling device for the purpose of promoting a game of chance with the possibility of monetary profit. In March 1983 Lazuka pleaded no contest to two (2) misdemeanor counts of violating a subsection in this Ohio statutory provision and paid a $10,000 fine.
 
 
 3
 Before state officials returned the machines to Lazuka, the Federal Bureau of Investigation took possession of the machines. The federal government then instituted the instant forfeiture action pursuant to authorization under 15 U.S.C. Sec. 1177 regarding illicit gambling devices. On August 3, 1983 Lazuka filed an answer asserting sole ownership and entitlement to possession of machines. Lazuka also raised three affirmative defenses. Lazuka alleged that:
 
 
 4
 1) the machines are not gambling devices within the meaning of 15 U.S.C. Sec. 1171(a);
 
 
 5
 2) the provisions on gambling devices in 15 U.S.C. Secs. 1171-1778 do not otherwise apply to the machines; and
 
 
 6
 3) the machines were seized without probable cause in violation of the Fourth and Fourteenth Amendments.
 
 
 7
 The City of Mentor also filed an answer claiming an interest in the machines superior to Lazuka but inferior to the federal government.
 
 
 8
 The federal government filed a motion for summary judgment on January 25, 1984. Lazuka gained an extension until March 1, 1984 for a response. On March 8 Lazuka filed a motion to determine the sufficiency of the government's answers and objections in response to previous Lazuka requests for admissions. Lazuka did not file a motion opposing summary judgment, however, until March 9, eight days after the extension deadline granted by the court. Judge Manos granted the government's motion for summary judgment on March 14, 1984.
 
 
 9
 Lazuka first alleges that the court should not have granted summary judgment without ruling on its motion to determine the sufficiency of the government's answers. Second, Lazuka continues to assert the affirmative defense that at least some of the machines are not gambling devices within the statutory definition under 15 U.S.C. Sec. 1171. Finally, Lazuka contends that the government failed to establish the requisite probable cause element before gaining summary judgment.[1]
 
 
 10
 Each of the issues raised by the intervenor in the instant controversy was fully considered and discussed by Judge Manos in his Memorandum of Opinion filed March 14, 1984. For the reasons stated in that decision, which we understand is in the process of publication, we affirm the grant of summary judgment to the United States.
 
 
 11
 In sum, we find the district court not to be clearly erroneous in its finding that the machines in question are gambling devices within the meaning of 15 U.S.C. Sec. 1171 and subject to forfeiture for violation of both 15 U.S.C. Sec. 1172 and 15 U.S.C. Sec. 1173(a)(3). The government has also met its burden of showing probable cause for initiation of the forfeiture action.
 
 
 12
 The judgment of forfeiture is accordingly affirmed.
 
 
 
 [1]
 Lazuka's defenses may be precluded by his no contest or nolo contendere plea in the state action. The collateral estoppel issue, however, has not been raised before this court